UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>XIAO ZHANG,<br><br>Defendant | Criminal No. 24cr10337<br><br>Violation:<br><br>Count One: Theft of Trade Secrets<br>(18 U.S.C. § 1832)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and 2323,<br>and 28 U.S.C. § 2461) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. XIAO ZHANG is a citizen of the People's Republic of China. On or about July 1, 2015, he began working in Massachusetts as an Associate in the Research division of COMPANY A.

2. COMPANY A is a global investment management firm that offers investors across the United States a range of equity investment strategies. COMPANY A uses forecasting models to select investments that will outperform the market.

3. As an Associate, ZHANG's role was to provide support for particular research projects under the direction of more senior employees. ZHANG did not develop research projects on his own.

4.      COMPANY A took significant steps to protect its intellectual property. For example, COMPANY A's information technology department tracked employees' access to company documents and systems; utilized internally-designed hardware to prevent sensitive materials from being sent, downloaded, or printed; blocked storage devices from connecting to the company network; and utilized geo-blockers to block individuals attempting to access its network from certain countries, including the People's Republic of China ("PRC"). COMPANY A employees are also provided training regarding the confidential nature of its intellectual property, and must sign confidentiality agreements when they join the company.

5.      On or about August 20, 2021, ZHANG departed the United States to the PRC.

6.      On or about August 30-31, 2021, ZHANG utilized a virtual private network ("VPN") to access COMPANY A's network from the PRC. The VPN enabled ZHANG to circumvent COMPANY A's geoblockers. ZHANG then made copies of COMPANY A's code and projects located in its code-management platform, and also made copies of folders on COMPANY A's internal research drive. COMPANY A's code constitutes a trade secret of COMPANY A.

7.      On or about August 30-31, 2021, ZHANG sent a significant amount of items and information belonging to COMPANY A through APPLICATION A, a PRC-based file-sharing application that he had installed. Because ZHANG sent the information through APPLICATION A, he was able to evade COMPANY A's firewall.

8.      The items and information which ZHANG sent through APPLICATION A included a trade secret belonging to COMPANY A. As a result of ZHANG's employment at COMPANY A, ZHANG knew that the items and information he stole included a trade secret of

COMPANY A, and knew and intended that misappropriating a trade secret of COMPANY A would injure COMPANY A.

9. In or around 2021, ZHANG established an investment firm in the PRC (COMPANY B). ZHANG took a trade secret of COMPANY A with the intent of using it to assist COMPANY B.

## COUNT ONE
## Theft of Trade Secrets
## (18 U.S.C. § 1832)

The Grand Jury charges:

10. The Grand Jury re-alleges and incorporates by reference paragraphs 1-9 of this Indictment.

11. From on or about August 30, 2021, through on or about August 31, 2021, in the People's Republic of China, in the District of Massachusetts, and elsewhere, the defendant,

## XIAO ZHANG,

with the intent to convert a trade secret that is related to a product and service used in and intended for use in interstate and foreign commerce, specifically proprietary items and information relating to the creation of investment strategies, to the economic benefit of persons other than the trade secret's owner, and knowing and intending that the offense will injure any owner of that trade secret, knowingly did steal and without authorization appropriate, take, carry away, and conceal, and by fraud, artifice, and deception obtain such information, in violation of Title 18, United States Code, Section 1832(a)(1).

All in violation of Title 18, United State Code, Section 1832.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 2323, and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

12. Upon conviction of the offense in violation of Title 18, United States Code, Section 1832, set forth in Count 1, the defendant,

XIAO ZHANG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, and shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2323:

  a. Any article, the making or trafficking of which is, prohibited under section 506 of title 17, or section 2318, 2319, 2319A, 2319B, or 2320, of chapter 90, of this title;

  b. Any property used, or intended to be used, in any manner or part to commit or facilitate the commission of the offense; and

  c. Any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the offense.

13. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 2323 and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
TIMOTHY H. KISTNER
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: October 31, 2024
Returned into the District Court by the Grand Jurors and filed.

/s/Thomas F. Quinn  10/31/24 @ 1:52pm.
_____
DEPUTY CLERK